MARCELLUS STEWARD *vs.* MICAH W. NORTON.

Somerset.    Opinion April 2, 1880.

*Evidence.*

When a paper that is offered to prove the date of a transaction is objected to by the opposite party, exceptions to its exclusion will not be sustained, if it contains memoranda and recitals respecting the matter in controversy, which are objectionable, unless such memoranda and recitals are expressly withdrawn by the party offering it, even though it may bear a certificate of registration by a sworn officer, which would be competent if separately offered; especially when the exceptions do not show that the existence of such certificate was made known to the presiding judge.

ON EXCEPTIONS.

TROVER for the value of two horses, one a light gray mare known as the "Marshall mare," the other known as the "Abbott horse," alleged to have been converted by the defendant in September, 1870.  Date of writ, August 30, 1876.  Plea, the general issue; and, by way of brief statement, the statute of limitations.

The exceptions allege that the defendant proved the genuineness of the signature of Isaac N. Pinkham to the following paper:

"$125.  January 9, 1869.  For value received I promise to pay M. W. Norton, or bearer, one hundred and twenty-five dollars, half in April and half in September, next, with semi-annual interest.  And the spotted horse called the Wyman horse, for which this note is given, is to remain said Norton's till this note is fully paid.  And for the faithful payment of this note and interest, I have this day sold and delivered said M. W. Norton the gray mare I had of B. Marshall, known as the Ellis mare;

also a brown mare I had of J. R. Howard, the same mare that B. F. Trask owned last summer; and have received payment in full as per agreement of the parties.

Rev. Stamp.
10 cents.

R. S. 10 cts. to pay.

I. N. PINKHAM."

On the back of the paper were the following indorsements:

"Recorded February 23, 1869, Book 2, page 161.

J. CHASE, Town Clerk."

"March 27, 1869. Received the within described Marshall or Ellis mare in very bad condition, agreed to be worth on this note, $20."

"April 17th, 1869. Without recourse to M. W. Norton."

That the paper was then offered as evidence to prove a date, and, upon objection, it was excluded by the court without examination.

Verdict was for plaintiff for $166.10.

To the ruling of the court excluding the paper the defendant excepted.

*J. J. Parlin*, for the plaintiff.

*A. H. Ware*, for the defendant.

Pinkham was the agent of the plaintiff, and the paper offered by the defendant and excluded by the court, without examination, bears directly upon the question: When did the plaintiff buy the gray mare of Benj. Marshall? It shows that it must have been in the fall of 1868, and not 1869, as plaintiff and his witness testified. And the conversion by defendant, if there was one, must have been in 1869, more than six years prior to the date of the writ. The certificate of the town clerk was legal evidence of the *time* of record, which was material in this case. R. S., c. 91, § 2; 37 Maine, 182; 109 Mass. 61; 115 Mass. 168.

BARROWS, J. The language of the exceptions is peculiar, and indicates an ingenious effort to raise a point which was not thought of when the paper was offered in evidence at the trial, rather than a real grievance on account of the exclusion of testimony which the party offering it regarded as competent, or

presented to the court in such a manner as to show that there was any part of it that might be competent in case the whole was not.

The contention was as to when the plaintiff bought one of the horses in controversy as bearing on the question when, if at all, the defendant converted it. The plaintiff offered evidence to show that he bought it of one Marshall in the fall of 1869; and defendant, that it came into his (defendant's) possession from one Pinkham in March, 1869.

The exceptions state that defendant proved the genuineness of the signature of said Pinkham to a certain "paper dated January 9, 1869, and recorded on the town records of Lexington, February 23, 1869, and offered the same as evidence to prove date." "Said paper being objected to by plaintiff's counsel was excluded by the court without examination."

Upon examination the paper thus offered by the defendant proves to be a note given by Pinkham to the defendant for $125, for a horse called the "Wyman horse," (not in controversy,) with a stipulation that the horse should remain the defendant's property until paid for, and a recital that for further security of the note, Pinkham had also sold and delivered to defendant, two other horses, one of which appears to be the one above referred to as involved in this suit, and which Pinkham says in this paper he had of Marshall. We should infer from the recital in the exceptions, that it was summarily excluded upon a statement of its purport, as a matter between the defendant and Pinkham not brought home in any manner to the knowledge of the plaintiff. That it was not offered nor relied upon by the defendant as evidence of title is apparent, for the exceptions expressly declare it was "offered as evidence to prove date."

But now the defendant's counsel ingeniously argues, inasmuch as the plaintiff had testified on cross examination that Pinkham was lumbering for the plaintiff, hauling logs by the thousand, and using the plaintiff's horses, and sometimes buying horses for him, sometimes swapping them subject to ratification by the plaintiff, that this paper was evidence of what the plaintiff's agent did with the horse in controversy, and when he did it.

But the paper shows for itself, that Pinkham was acting in this transaction on his own account, ignoring the plaintiff's title, if he then had one, and there is nothing in the testimony to indicate either authority or ratification; and as before remarked, it was not offered as evidence of title, but "to prove date." Counsel cannot now claim that it was evidence for any other purpose than than for which he says in his exceptions he offered it. As to the plaintiff, the paper must be regarded as *res inter alios acta;* and it would of itself be no evidence to prove the correctness of its own date. Moreover it contained the recital that Pinkham had. the horse of Marshall, which though not sworn to, would be· likely to be accepted by the jury as evidence of the fact if the· paper was received. Besides this, it bore an indorsement made by the defendant of the following tenor: "March 27, 1869. Received the within described Marshall or Ellis mare in a very bad condition, agreed to be worth on this note, $20." The· defendant had testified to all this, but this memorandum made by himself was not competent to corroborate his testimony. It is obvious that if the paper as a whole had been received, against the plaintiff's objections, as it was offered, upon the naked proof that it bore the genuine signature of Pinkham, the plaintiff would have had good ground for exceptions. It was the defendant's duty, if he desired to insist upon the introduction of any part of the paper, for the purpose in connection with other evidence of fixing a date, to obviate the plaintiff's objections by expressly excluding such portions as were not competent and presenting only so much as would be receivable. Offering the paper as a whole, he cannot complain of its exclusion, when it contained. objectionable matter which he did not take the trouble to, withdraw.

That part of it which he now most strenuously counts on as: making it admissible for the purpose for which it was offered, is. the certificate of the town clerk of the date of its registration.

The authorities which he cites would go far to sustain the· position, if that certificate had been offered accompanied by only so much of the document as would be necessary to apply it to the subject matter, thus relieving it from the plaintiff's objections..

But it does not appear that the certificate of the town clerk was ever offered at all, except as it was borne on a document which was offered, upon proof that it was signed by Pinkham.

The exceptions do not show that the attention of the presiding judge was called to its existence. We should infer the contrary.

*Exceptions overruled.*

APPLETON, C. J., WALTON, DANFORTH, LIBBEY and SYMONDS, JJ., concurred.